**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1525

GARY A. BENNETT,
Plaintiff, Appellant,

v.

DANIEL SZOSTKIEWICZ, ETC.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor,  U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Smith,* District Judge.

Tani E. Sapirstein, with whom Sapirstein & Sapirstein was on brief, for appellant.
John H. Fitz-Gibbon, with whom Harry L. Miles, Green, Miles, Lipton, White & Fitz-Gibbon, John C. Sikorski, and Robinson Donovan, P.C. were on brief, for appellees.

March 24, 2004

_____

*Of the District of Rhode Island, sitting by designation.

**Per Curiam**.  This appeal follows the entry of a judgment in favor of defendants-appellees Daniel Szostkiewicz (mayor of the City of Holyoke), Marc Cournoyer (Holyoke's police chief), and Stephen Donoghue (Holyoke's former police chief).  The circumstances of the case are limned in our opinion in Bennett v. City of Holyoke, ___ F.3d ___ (1st Cir. 2004) [No. 03-1520], dated March 22, 2004, and need not be repeated here.

In this appeal, plaintiff-appellant Gary A. Bennett challenges two mid-trial evidentiary rulings of the district court: (i) the exclusion of so-called comparator evidence anent Ralph DiNapoli and Joseph Garcia, and (ii) the admission of evidence regarding the criminality of Bennett's conduct in surreptitiously recording a conversation.[1]

It is black-letter law that a district court possesses broad discretion in connection with the admission or exclusion of evidence, and that its determinations in that wise are reviewed only for abuse of discretion.  Udemba v. Nicoli, 237 F.3d 8, 14 (1st Cir. 2001); Iacobucci v. Boulter, 193 F.3d 14, 20 (1st Cir. 1999).  We have carefully reviewed the rulings at issue here and we are satisfied that the trial court, in both instances, acted well within the encincture of its discretion.  Given the fact-specific

---

[1]Bennett elaborates on this assignment of error by attacking (i) the trial court's willingness to take judicial notice of the applicable criminal statute, Mass. Gen. Laws ch. 272, § 99, and (ii) the jury instructions related to this evidence.  We have considered and rejected both theories.

nature of both the case and the disputed rulings, further discussion would serve no useful purpose. Accordingly, the judgments entered below in favor of Szostkiewicz, Cournoyer, and Donoghue will be

**<u>Affirmed</u>**.